UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| KENYNIA MOORE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 7:23-cv-536-ACA-NAD |
| KIMBERLY NEELY, Warden, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Kenynia Moore filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, asserting that if her First Step Act earned time credits were properly applied, she would be eligible for immediate release or prerelease custody. (*See* doc. 1 at 4–5, 8–10). On January 8, 2024, the magistrate judge entered a report, recommending that the court deny Ms. Moore's petition. (*See* doc. 11).

The magistrate judge sent that report and recommendation to Ms. Moore at her address of record, and the United States Postal Service returned the documents to the court as "Refused." (*See* doc. 12 at 12). A review of the Bureau of Prisons' online inmate locator indicated that the Bureau had released Ms. Moore from prison and transferred her to prerelease custody. (*See* doc. 13 at 1). Based on Ms. Moore's release, the magistrate judge ordered the parties to show cause why Ms. Moore's petition should not be dismissed as moot. (*See id*. at 2).

The government confirmed that Ms. Moore was in prerelease custody. (*See* doc. 14 at 1). The government further confirmed that it had no objection to the court dismissing Ms. Moore's petition as moot. (*Id.*). Ms. Moore did not file a response, and her deadline to do so (*see* doc. 13 at 2) has expired.

Federal courts may only consider "cases or controversies." U.S. Const. art. III, § 2. "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (citation omitted). When an action no longer contains an active case or controversy, that action is moot. *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).

Here, Ms. Moore requested that she receive time credits that would make her eligible for release or to be placed in prerelease custody. (*See* doc. 1 at 4–5, 8–10). The Bureau of Prisons therefore has provided Ms. Moore with her requested relief. (*Compare* doc. 13 at 1, *with* doc. 14 at 1). And no live controversy remains. *Christian*

2

*Coal. of Fla., Inc.*, 662 F.3d at 1189; *see also*, *e.g.*, *Rosario v. Stone*, CV 321-048, 2021 WL 6066411, *1–2 (S.D. Ga. Nov. 24, 2021) (holding that where the Bureau of Prisons credited the petitioner with the days requested in his § 2241 petition, the case was rendered moot).[1]

Mootness is jurisdictional, requiring that a federal court dismiss a moot action. *Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022); *Sierra Club v. United States E.P.A.*, 315 F.3d 1295, 1299 (11th Cir. 2002). Accordingly, the court **WILL DISMISS** the petition for writ of habeas corpus **AS MOOT**. The court will enter a separate final order.

**DONE** and **ORDERED** this February 26, 2024.

*/s/ signature*

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

---

[1] Although this case is not binding authority, *see Am. Elec. Power Co., Inc. v. Connecticut*, 564 U.S. 410, 428 (2011), the court finds it persuasive.